# United States District Court
### EASTERN DISTRICT OF TEXAS
### LUFKIN DIVISION

| | | |
|---|---|---|
| RONALD LEE FRANKLIN | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:13cv123 |
| | § | |
| UNITED STATES DEPARTMENT OF | § | |
| AGRICULTURE, FOREST SERVICE | § | |

## ORDER GRANTING SUMMARY JUDGMENT

In this quiet title case, Plaintiff Ronald Lee Franklin, seeks a declaration that land the United States occupies as part of a national forest belongs to him. Two motions are pending before the Court. The first is a dispositive motion filed by Defendant asserting that Plaintiff's claims are time-barred by the applicable statute of limitations and lack merit (Doc. No. 3). The second is Plaintiff's Motion for Leave to File Response (Doc. No. 21). Having considered the parties arguments and the applicable law, the Court is of the opinion that Plaintiff's Motion for Leave to File (Doc. No. 21) should be **DENIED** and that Defendant's dispositive motion (Doc. No. 3) should be **GRANTED**.

## BACKGROUND

A. History of the Boundary Dispute

Plaintiff owns a plot of land located in Houston County, Texas. It is immediately north of Tract K-1q, which is a part of the Davy Crockett National Forest and is also located in Houston County, Texas. The boundary of the two tracts of land is the basis of this case.

Plaintiff acquired his tract of land in 1972. In 1975, Plaintiff complained to the Forest Service that it was encroaching on portion of his land. After investigating the complaint, the Forest Service's general counsel issued an opinion letter in 1977 that the United States owned the disputed land.

Several times in the mid-1990s and then again in 2011, Plaintiff contacted various government officials about the boundary dispute. Each time, Plaintiff received opinion letters explaining in detail that the United States owned the disputed property. The various opinion letters explain that the basis for his dispute are the ambiguous and contradictory descriptions of the acreage of land conveyed in his deed and that even if an actual dispute regarding the boundary existed, the statute of limitations ran years ago.

### B. Procedural History

Plaintiff filed this suit on June 11, 2013. The complaint seeks to establish the boundary he has tried to establish with the government "[o]ver the past thirty years" (Doc. No. 1 at 2, ¶ 5). The complaint also contains a cause of action asserted pursuant to 42 U.S.C. § 1983, claiming that the Defendant United States Department of Agriculture, Forest Service, has restricted his entry and use of his rightful property.

The Government filed a motion to dismiss this case. Plaintiff did not file a response to that motion. Several months later, at the case management conference, the Court sua sponte converted the motion to dismiss into a motion for summary judgment and set a forty-five day deadline for Plaintiff to respond the converted motion (Doc. No. 9).

At the forty-five day deadline, Plaintiff requested a sixty-day extension of time, which the Court granted (Doc. No. 14). Sixty-days later, Plaintiff requested a second sixty-day extension of time, which the Court granted (Doc. No. 17). Sixty-three days later, Plaintiff requested a third sixty-day extension of time.

The Court denied Plaintiff's third sixty-day request (Doc. No. 20 at 1). After noting that more than six months had passed since the Court allowed Plaintiff to file a response, the Court then directed Plaintiff to respond by September 5, 2014 (Doc. No. 20 at 2). The Court's order

specifically noted that after that date the Court "w[ould] consider the motion ripe for determination" (Doc. No. 20 at 2).

Plaintiff filed nothing with the Court until September 24, 2014. On that date, Plaintiff filed a Motion for Leave to File a Response. As excusable neglect for his delay, his counsel submitted an affidavit describing a gout attack in the days leading up the deadline.[1] Then on September 29, 2014, Plaintiff submitted his proposed response in the event the Court granted leave (Doc. No. 23).

## DISCUSSION

A party may receive an extension of time after the deadline has expired only "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Plaintiff presents no argument why his counsel's medical complications are excusable neglect. Indeed, the only mention of his counsel's medical complications is in an affidavit attached to the motion for leave. Regardless, the fact his counsel experienced medical complications due to gout does not constitute excusable neglect on this record. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012) (no excusable neglect when counsel broke his arm where because counsel had many months to file brief prior to injury and did not timely alert the Court about his injury).

As in other cases where no excusable neglect existed, "this case is littered with delays, missed deadlines, and requests for extensions of time . . . ." *Cagle v. K-Five Const. Co.*, 954 F. Supp. 1267, 1270-71 (N.D. Ill. 1997). The government originally filed its motion to dismiss on November 21, 2013. Plaintiff did not respond to the motion. Plaintiff obtained leave to file a response only after the Court converted the motion to dismiss into a motion for summary

---

[1] The affidavit states that counsel experienced a gout attack on October 29, 2014 (Doc. No. 21-1). The Court assumes counsel meant August 29, 2014. The affidavit also explains that counsel could not return to his office until September 19, 2014. It does not explain why it took five more days for counsel to request an extension.

judgment (Doc. No. 9). Then, Plaintiff did not timely respond by the date the Court set. Instead, Plaintiff requested an extension of time. Plaintiff received the extension of time, requested another, received it, and then requested another. At that time, the Court warned Plaintiff about its repeated failure to get a response on file and set a date after which it would consider the matter ripe for determination (Doc. No. 20). This pattern undercuts any basis for finding excusable neglect. *See Cagle*, 954 F. Supp. at 1270-71.

Moreover, it appears that it was less than week before the deadline that Plaintiff's counsel developed medical complications. That Plaintiff's counsel experienced medical complications near the end of the time to file the response is not excusable neglect when no explanation is offered as to why the response could not have been filed in the weeks before counsel experienced medical complications. *See Keeton*, 667 F.3d at 883.

Plaintiff had more than six months to file a response, but did not. Counsel's medical complications near end of the fourth deadline extension is not excusable neglect. *See id.* As such, the Court finds that Plaintiff's motion for leave to file should be **DENIED** because it presents no excusable neglect to warrant an extension. Fed. R. Civ. P. 6(b)(1)(B).

Having denied the motion for leave, Plaintiff has not responded to Defendant's dispositive motion. Pursuant to Local Rule CV-7(d), the Court assumes Plaintiff has no opposition to the motion. Therefore, the Court **GRANTS** the Defendant's dispositive motion (Doc. No. 3).

But even Plaintiff was granted leave to file his response, the Court would still grant Defendant's motion.[2] The Court should grant a motion for summary judgment if no genuine

---

[2] Plaintiff filed a proposed response in the Court granted him leave (Doc. No. 23). The proposed response brief was deficient, which led Plaintiff to file a motion amend and correct his response on October 1, 2014 (Doc. No. 24).

issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). The question of fact at issue in this case is when Plaintiff became aware of the boundary dispute. As Plaintiff admits in his complaint, and as demonstrated by Defendant, Plaintiff has been aware of the boundary dispute for thirty years—well beyond the twelve-year statute of limitations. *See Calhoun Cnty v. United States*, 132 F.3d 1100, 1103-04 (5th Cir. 1998) (holding that once plaintiff has actual or constructive notice a land dispute, the applicable 28 U.S.C. § 2409's twelve year statute of limitation starts to run). Plaintiff's proposed response offers no evidence to contradict his admission and Defendant's evidence. Therefore, no genuine factual dispute precludes summary judgment. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009).

As to Plaintiff's § 1983 claim, Plaintiff sued an agency of the United States, which is not a person who acts "under color of *state* law." *See Resident Council of Allen Parkway Village v. HUD*, 980 F.2d 1043, 1053 (5th Cir. 1993) (holding federal agencies acting under color federal law cannot be sued under § 1983) (emphasis added). Therefore, Plaintiff cannot maintain a claim under § 1983 against Defendant.

.

## CONCLUSION

For the reasons stated more thoroughly above, Plaintiff's Motion for Leave to File a Response (Doc. No. 21) is **DENIED** and Defendant's Motion to Dismiss (Doc. No. 3), which the Court converted to a motion for summary judgment (Doc. No. 9), is **GRANTED**.

**It is SO ORDERED.**

**SIGNED this 29th day of January, 2015.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE